## LEWIS v. LEWIS.

### No. 15023.

Court of Civil Appeals of Texas.
Fort Worth.
Feb. 18, 1949.

O'Connor & Douglass and Jas. D. O'Connor, all of Dallas, for appellant.

Graves & Robertson and Elgar L. Robertson, all of Dallas, for appellee.

**HALL, Justice.**

This is an appeal from a judgment of a district court in Dallas County, Texas, denying appellant, Maude Lees Lewis, attorney's fees alleged to be due her from appellee, Homer L. Lewis, in order to pay an attorney for representing her in the divorce case against appellee.

There are only two pages of testimony before us and they reveal the following pertaining to attorney's fees:

"Q. You employed us to 'represent you? A. Yes, sir.

"Q. And you have agreed to pay $250 attorney's fees, is that right? A. Yes, sir."

Appellant contends that it was neither necessary to allege and prove reasonableness of the fee nor the necessity for same, and cites, among other cases, the following: Hodges v. Hodges, Tex.Civ.App., 207 S.W.2d 943; Moore v. Moore, Tex. Civ.App., 192 S.W.2d 929. Both of these cases are by this court. They are distinguishable from the case at bar in that there was expert testimony heard pertaining to the fee and the court granted attorney's fees in both cases. It was also held in those cases the court could not arbitrarily disregard expert testimony but it could consider along with same his own experiences and observations in such matters. The question for us to decide is whether or not the court abused its discretion in refusing to allow an attorney's fee under the facts in this case, rather than whether the court could properly have allowed an attorney's fee under the same state of facts.

Appellant's contention is also that she is entitled to attorney's fees provided she filed her suit in good faith and upon probable grounds for divorce. We find these fact issues are prerequisite for asserting attorney's fees, but such rule for attorney's fees is not based upon a statute, it springs from a theory that such fees are recoverable as necessaries; upon such theory we find the court did not abuse its discretion in disallowing appellant attorney's fees when there is no evidence showing that such attorney's fees were neither reasonable nor necessary in order for appellant to prosecute her cause of action against appellee.

We find in the court's judgment a recitation pertaining to attorney's fees as follows:

"And the court further finds against the plaintiff in her application for attorney fees herein.

"It is therefore further ordered that plaintiff's application for attorney fees be, and the same is hereby, in all things, denied."

There is inserted in the court's findings of fact the following:

"I further find that plaintiff employed O'Connor and Douglas, a law firm of the Dallas County Bar, to represent her in this cause, but do not find any evidence of what services, if any, were performed by said attorneys, or any evidence upon which a reasonable fee could be based, nor do I find any evidence showing a necessity for the employment of such law firm, or that the plaintiff did not have any separate property from which to pay an attorney fee."

In the court's conclusions of law there is stated the following:

"Having found as a matter of fact, that there was no evidence introduced in this cause, showing necessity for attorney fees, and inability to pay attorney fees from the separate property of the plaintiff, and no evidence whatever introduced upon which a reasonable attorney fee could be based, I conclude, as a matter of law, that plain-

tiff's application for attorney fees, should be denied."

While it is well settled in this state that attorney's fee for divorce may be allowed to the wife and against the husband, yet it is within the discretion of the court to be exercised in accordance with the conditions and circumstances of each case; an abuse of such discretion is naturally subject to review; however, it must appear that there is clearly an abuse of discretion before the trial court's judgment will be disturbed on appeal; as stated in 17 Am.Jur., p. 449, sec. 566, "Thus, where it does not appear that the wife has been hampered in making her defense or is financially unable to pay expenses necessarily incurred the decision of the lower court will be affirmed." See 15 Tex.Jur., pp. 658, 659, sec. 157.

Appellant could have been worth many thousands of dollars, as the statement of facts does not contain any testimony pertaining to extent of the separate property, if any, owned by the parties, neither does it show the ability of appellee to pay such attorney's fees. Wilson v. Wilson, Tex. Civ.App., 231 S.W. 830.

Finding the court under such circumstances did not abuse its discretion in denying attorney's fees, judgment of the trial court is affirmed.