GENERAL INS. CORP. v. SMITH.

No. 2815.

Court of Civil Appeals of Texas. Eastland.

July 28, 1950.

Rehearing Denied Oct. 6, 1950.

James Little, Big Spring, for appellant.
Dell Barber, Colorado City, for appellee.

LONG, Justice.

This suit was instituted by Neil Smith against General Insurance Corporation for the recovery of compensation under the Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq. Plaintiff alleged that on or about February 2, 1948, he was an employee of J. O. Willett engaged in loading pipe on trucks near Colorado City in Mitchell County and on said date while in the course of his employment, sustained accidental injuries; that defendant had theretofore issued a policy of workmen's compensation insurance under the laws of Texas whereby the employees of Willett were insured under said act; that for good cause he failed to file his claim for compensation within the time prescribed by law. Upon a trial, judgment was rendered in favor of plaintiff against defendant based upon special issues for 102 weeks of temporary total incapacity at the maximum compensation rate of $25 per week and for 297 weeks of 50 percent permanent partial incapacity following the expiration of the temporary total incapacity. From this judgment defendant has appealed.

The evidence conclusively shows that plaintiff sustained his injuries on February 2, 1948 and that he did not file his claim for compensation with the Industrial Accident Board until January 20, 1949. Plaintiff, in his pleadings, in an attempt to justify his failure to file his claim within the time prescribed by the statute, alleged the following three grounds as good cause therefor:

(1) That the defendant paid plaintiff weekly installments of compensation for 36 weeks following his accident and that he believed it was unnecessary to file his claim for compensation so long as such payments were made; that weekly install-

ments of compensation terminated on October 5, 1948.

(2) That the defendant furnished the plaintiff treatment and hospitalization until November 30, 1948 and that plaintiff believed it was unnecessary to file his claim for compensation so long as he was under treatment and hospitalization was being furnished by the defendant.

(3) That after the plaintiff was discharged from the hospital the company was negotiating with plaintiff for settlement and that such negotiations continued until about the time the claim was filed and plaintiff believed it was unnecessary to file a claim so long as said negotiations were in progress.

The issues bearing on the good cause of plaintiff for failure to file his claim within the six months period submitted in the court's charge and the answers thereto are as follows:

"Special Issue No. 8. Do you find from a preponderance of the evidence that Neil Smith believed it was unnecessary to file his claim for compensation so long as the Defendant was making the weekly payment of $25.00? Answer 'Yes' or 'No.' Answer: Yes.

"Special Issue No. 9. Do you find from a preponderance of the evidence that the Plaintiff, Neil Smith, believed it was unnecessary to file his claim for compensation so long as he was under treatment and hospitalization at the instance of the Defendant. Answer 'Yes' or 'No.' Answer: Yes.

"Special Issue No. 10. Do you find from a preponderance of the evidence that after the Defendant ceased making the weekly payments and after the Plaintiff Smith was discharged from the hospital, the Company was negotiating with the Plaintiff for settlement? Answer 'Yes' or 'No.' Answer: No.

"If you have answered the foregoing Issue 'Yes' then answer the following questions, otherwise you need not answer it.

"Special Issue No. 11. Do you find from a preponderance of the evidence that the Plaintiff believed that it was unnecessary to file his claim so long as said negotiations, if any, for settlement, were in progress?

Answer 'Yes' or 'No.' Answer: Not answered.

"If you have answered Special Issues Nos. 8, 9 and 11, or either of them 'Yes', then you will answer Special Issue No. 12.

"Special Issue No. 12. Do you find from a preponderance of the evidence that such findings as you have made, if any, in the affirmative of said Issues, constitute a good cause for delaying the filing of the claim by the Plaintiff with the Industrial Accident Board, up to the time that he did file the same? Answer 'Yes' or 'No.' Answer: Yes."

When the charge was originally given the jury, the condition or preamble preceding Special Issue No. 12 read as follows: "If you have answered Special Issue No. 8, 9 and 11 'Yes', then answer the following issue, otherwise you will not answer it."

After the jury had retired for deliberation, a request in writing was made by it for further instructions, such request reading as follows: "Since we have answered No. 8 and 9 yes and No. 10 no, can we answer No. 12 without answering No. 11 yes? If No. 10 is no, No. 11 is not to be answered. Can we still answer No. 12?"

The request, without objection on the part of either plaintiff or defendant, was replied to by the court in writing as follows: "Gentlemen of the Jury: You are instructed to disregard the condition preceding Issue No. 12 and be guided by the following instruction: 'If you have answered Special Issues No. 8, 9 and 11, or either of them, "Yes", then you will answer Special Issue No. 12.' A. S. Mauzey, Judge Presiding."

After the verdict was received plaintiff filed a motion requesting the court to disregard the finding in response to special issue No. 10 (such issue being the one wherein inquiry was made as to whether or not the company was negotiating with the plaintiff for settlement after defendant ceased making the weekly payments and after the plaintiff was discharged from the hospital, the answer of the jury thereto being in the negative) and enter judgment for the plaintiff. In the alternative, plaintiff moved for judgment non obstante veredicto on the issue of good cause contend-

ing that the evidence showed as a matter of law that plaintiff had good cause for his failure to file his claim with the Industrial Accident Board within the time prescribed by law. Defendant filed a motion requesting the court to disregard the finding of the jury to special issue No. 12 and to enter judgment for defendant on the answers to the other issues. In this motion, defendant contended that the finding of the jury to such issue had no support in the evidence. In the alternative, a motion for judgment non obstante veredicto was filed pointing out that the jury's answer to special issue No. 12 should be disregarded because it had no support in the evidence and since the evidence was conclusive that the payment of weekly compensation ceased on October 5, 1948 and the evidence was conclusive that the defendant furnished no treatment or hospitalization to plaintiff after November 30, 1948, same could not possibly constitute good cause for the failure to file his claim. The court entered its order overruling the motions of defendant and entered judgment for plaintiff reciting therein that "It is the finding of the Court that plaintiff had good cause for his failure to file his claim for compensation with the Industrial Accident Board before he did file the same."

The question here presented is, does the evidence conclusively establish that good cause for failure of the plaintiff to file his claim within the time prescribed existed as a matter of law. Art. 8307, Section 4a, R.C.S., Vernon's Ann.Civ.St. Art. 8307, § 4a, fixes the period of time within which a claim must be filed at six months from the date of the accident. It further provides that, "For good cause the board may, in meritorious cases, waive the strict compliance with the foregoing limitations as to notice, and the filing the claim before the board." It is well settled that "good cause" must continue up to the time the claim for compensation is filed. Petroleum Casualty Co. v. Dean, 132 Tex. 320, 122 S.W.2d 1053; Petroleum Casualty Co. v. Garrison, Tex.Civ.App., 174 S.W.2d 74; LaCour v. Continental Casualty Co., Tex. Civ.App., 163 S.W.2d 676; Texas Employers Ins. Ass'n v. Harkey, Tex.Civ.App., 208 S.W.2d 915, 919; New Amsterdam Casualty Co. v. Chamness, Tex.Civ.App., 63 S.W.2d 1058.

Whether good cause exists is ordinarily a question of fact. Texas Employers' Ins. Ass'n v. Roberts, 135 Tex. 123, 139 S.W.2d 80. Plaintiff's claim was not filed with the Board until January 20, 1949. Plaintiff testified he employed a lawyer in Memphis, Tennessee after the Company ceased to furnish him treatment and hospitalization. He seeks to excuse his failure to file his claim within the period from November 30, 1948 to January 20, 1949 by alleging that he was, through his attorney, carrying on negotiations for settlement with the Company. The jury found against plaintiff on this issue. There is no competent evidence showing that negotiations were being carried on. Plaintiff testified over objection that his attorney told him he was communicating with the Company and that the Company had offered a compromise. This was clearly inadmissible on the issue as to whether negotiations were actually being carried on. The burden rested upon plaintiff to establish good cause not only to November 30, 1948 but on down to January 20, 1949. This he did not do. We have carefully considered the evidence and have concluded the trial court erred in finding that good cause existed as a matter of law down to the date of the filing of the claim. Consequently, the judgment cannot stand. Appellant insists that we render judgment herein in its behalf but after careful consideration we are of the opinion that the ends of justice will be better subserved by remanding the cause for a new trial. It is our belief that the case has not been fully developed either from the standpoint of the pleadings or the proof. It is the settled rule where judgment has been reversed to remand to the trial court rather than to render where the ends of justice will be better subserved thereby. Such remanding has often been ordered to supply additional testimony or to amend the pleadings. Associated Oil Co. et al. v. Hart et al., Tex.Com.App., 277 S.W. 1043; London Terrace, Inc., v. McAlister, 142 Tex. 608, 180 S.W.2d 619.

The judgment of the trial court is reversed and the cause remanded.