**Hugh W. LAMPMAN, Appellant,**

v.

**FIRST NATIONAL BANK IN DALLAS,**
**Garnishee, Appellee.**

**No. 4971.**

Court of Civil Appeals of Texas,
Waco.

Dec. 31, 1970.

Rehearing Denied Jan. 28, 1971.

Andress & Woodgate, Wm. Andress, Jr., Dallas, for appellant.

Coke & Coke, Charles Haworth, Dallas, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by appellant Lampman from a judgment awarding appellee Bank $2150. attorney's fees.

Lampman in November 1967 sued Dozier Productions, Inc. for debt, and on the same day obtained service of a writ of garnishment on appellee Bank. The bank answered it had no money or effects of Dozier, and prayed for its discharge with $500. attorney's fees. The trial court found the bank was indebted to Dozier and entered judgment for $5250. against it. The bank appealed and the Court of Civil Appeals Reversed and Rendered judgment for the bank, but remanded the cause "for determination only of reasonable attorney's fees"[1] due the bank.

After the remand to the trial court appellee Bank amended its pleading, and instead of praying for "$500." attorney's

1. First Nat. Bank in Dallas v. Lampman, Tex.Civ.App., (NRE) 442 S.W.2d 858.

fees, prayed for "its reasonable attorney's fees".

Trial was to a jury, which in answer to the one special issue submitted, found $2150. to be a reasonable fee for the legal services its attorneys rendered appellee Bank.

The trial court rendered judgment on the verdict for appellee Bank for $2150.

Appellant appeals on 6 points contending:

1) It was error for the trial court to permit amendment to increase attorney's fees, after judgment and remand.

2) The issue submitted to the jury does not correspond to the pleadings.

3) Judgment for $2150. was error because the pleading did not plead the amount of attorney's fees sought.

■ Appellant's 1st contention asserts the trial court erred in permitting appellee to amend its pleading to seek "its reasonable attorney's fees", instead of the $500. attorney's fees it sought in its prior pleading.

Rule 63, Texas Rules of Civil Procedure gives parties the right to amend their pleadings as they may desire by filing such with the clerk at such time as not to operate as a surprise to the opposite party. The rule is applicable after the reversal of a cause and a remand to the trial court. Tower Contracting Co. v. Flores, 157 Tex. 297, 302 S.W.2d 396, 400; Roberts v. Mullen, Tex.Civ.App. (NRE), 446 S.W.2d 86, 90; 4 Tex.Jur.2d 676.

■ Appellant's 2nd contention complains that the issue submitted to the jury does not correspond to the pleading.

Appellant plead "it had employed the firm of Coke & Coke Attorneys at Law, of Dallas, Texas, to represent it in this suit, to prepare and file an answer herein, and to appeal the adverse judgment heretofore entered herein, and has agreed with such attorneys to pay them a reasonable fee for their services herein". Appellant's prayer asks for "its reasonable attorney's fees".

The trial court submitted the issue: "What sum of money do you find from a preponderance of the evidence to be a reasonable fee for the legal services which attorneys Coke & Coke have rendered the First National Bank in Dallas in connection with this case".

We think the issue submitted does correspond with appellant's pleading.

■ Appellant's 3rd contention complains the judgment for $2150. for attorney's fees was error because the pleading did not ask for a specific amount.

Appellant did not specially except to the appellee's pleadings on this point, and under Rule 90 TRCP the objection is waived. Scott v. Gardner, 137 Tex. 628, 156 S.W.2d 513; Tolson v. Carroll, Tex.Civ.App. (NWH), 313 S.W.2d 131; Humble Oil and Ref. Co. v. State, Tex.Civ.App., Er.Ref., 162 S.W.2d 119.

The Humble case supra is precisely in point factually to the instant case.

All appellant's points and contentions are overruled.

Affirmed.