ACCEPTED
14-15-00026-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
6/15/2015 7:55:45 PM
CHRISTOPHER PRINE
CLERK

NO. 14-15-00026-CV

**IN THE COURT OF APPEALS
FOR THE FOURTEENTH JUDICIAL DISTRICT OF TEXAS
HOUSTON DIVISION**

FILED IN
14TH COURT OF APPEALS
HOUSTON, TEXAS
6/15/2015 7:55:45 PM
CHRISTOPHER A. PRINE
Clerk

LAWRENCE C. MATHIS,

Appellant

vs.

DCR MORTGAGE III SUB I, LLC,

Appellee

**Appeal from Cause No. D-1-GN-09-001377
126th District Court in Travis County, Texas**

**APPELLEE'S BRIEF**

Steve Skarnulis
State Bar No. 24041924
skarnulis@cstrial.com
Patrick J. Fitzgerald
State Bar No. 24036566
pfitzgerald@cstrial.com
**CAIN & SKARNULIS PLLC**
400 W. 15th Street, Suite 900
Austin, Texas 78701
512-477-5000
512-477-5011—Facsimile
**COUNSEL FOR APPELLEE
LAWRENCE C. MATHIS**

# IDENTITY OF PARTIES AND COUNSEL

| | |
|---|---|
| **Appellant** | DCR Mortgage III Sub I, LLC |
| **Appellant's Trial and Appellate Counsel** | Thomas M. Hanson<br>thanson@dykema.com<br>Jason M. Ross<br>jross@dykema.com<br>**DYKEMA GOSSETT PLLC**<br>1717 Main Street, Suite 4200<br>Dallas, Texas 75201<br>214-462-6400<br>214-462-6401—Facsimile |
| **Appellee** | Lawrence C. Mathis |
| **Appellee's Trial and Appellate Counsel** | Steve Skarnulis<br>skarnulis@cstrial.com<br>Patrick J. Fitzgerald<br>pfitzgerald@cstrial.com<br>**CAIN & SKARNULIS PLLC**<br>400 W. 15th Street, Suite 900<br>Austin, Texas 78701<br>512-477-5000<br>512-477-5011—Facsimile |

i

# TABLE OF CONTENTS

**Page**

IDENTITY OF PARTIES AND COUNSEL ......................................................i

TABLE OF CONTENTS.................................................................................ii

INDEX OF AUTHORITIES...........................................................................iv

STATEMENT OF THE CASE........................................................................vi

STATEMENT REGARDING ORAL ARGUMENT.......................................vi

COUNTER STATEMENT OF ISSUES PRESENTED................................... 1

    1.    On a general remand with instructions, can a party amend its pleading pursuant to Texas Rule of Civil Procedure 63?..................... 1

    2.    Where a trial court is instructed on remand to make computations and provide for disbursements, is it proper for the court to award disbursement of amounts paid out of the registry of the court under a judgment that was subsequently reversed? .......... 1

    3.    Did the trial court act within its discretion to award attorney's fees under a declaratory judgment claim on a remand trial under a general mandate with instructions? ..................................................... 1

OBJECTIONS TO APPELLANT'S STATEMENT OF FACTS ........................... 1

COUNTER STATEMENT OF FACTS ....................................................... 2

SUMMARY OF THE ARGUMENTS ....................................................... 4

ARGUMENT ................................................................................................ 5

    A.    Amended Pleadings Were Properly Allowed on Remand ................... 5

    B.    The Bench Trial Was Required By the Mandate and Necessary to Enter Judgment of Any Kind ....................................................... 7

C.     Trial Court's Computations and Disbursements Were Well Within the Court's Discretion ............................................................. 8

      1.     Although the basis for DCR's challenge is unclear, the proper standard is simply an abuse of discretion ....................... 8

      2.     The trial court calculated a fair amount that should have been awarded to Mr. Mathis had DCR not already taken the registry funds ........................................................................ 9

      3.     DCR's "free rent" and "note balance" arguments do not demonstrate that the court did not perform proper computations and disbursements, and the arguments are mooted by DCR's wrongful foreclosure .................................. 11

      4.     The trial court made no mathematical errors and DCR did not provide alternative amounts ................................................ 12

D.     The Attorney's Fees Awarded Were Equitable and Just .................... 14

      1.     Fees were not beyond the scope of the mandate ...................... 14

      2.     The fees awarded were reasonable, necessary and within the court's discretion ............................................................. 14

CONCLUSION AND PRAYER ........................................................................... 15

CERTIFICATE OF SERVICE ............................................................................. 16

CERTIFICATE OF COMPLIANCE .................................................................... 16

iii

# INDEX OF AUTHORITIES

**CASE LAW** **Page**

*Lampman v. First Nat'l Bank in Dallas,*
  463 S.W.2d 28 (Tex. Civ. App.—Waco 1970, writ ref'd n.r.e.) ................... 6

*Mathis v. DCR Mortg. III, Sub I, LLC,*
  389 S.W.3d 494 (Tex. App.—El Paso 2012, no pet.) .............................. 2, 3

*Mathis v. DCR Mortg. III Sub I, LLC,*
  Case 1:13-cv-00192-SS, In the United States District Court for the
  Western District of Texas, Austin Division .................................................... 3

*Reynolds v. Murphy,*
  266 S.W.3d 141 (Tex. App.—Fort Worth 2008, pet. denied) .................... 5, 6

*Stephenson v. LeBoeuf,*
  16 S.W.3d 829 (Tex. App.—Houston [14th Dist.] 2000, pet. denied ............ 8

*Tanglewood Homes Ass'n Inc. v. Feldman,*
  436 S.W.3d 48 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) ......... 8, 9

*Tex. Liq. Contr. Bd. v. Canyon Creek Land Corp.,*
  466 S.W.2d 891 (Tex. 1970) ...................................................................... 13

*U.S. Fid. & Guar. Co. v. Beuhler,*
  597 S.W.2d 523, 524-24 (Tex. Civ. App.—Beaumont 1980, no writ) ............ 5

**STATUTES AND RULES**

TEX. CIV. PRAC. & REM. CODE § 37.010 (West 2010) ............................................. 8

TEX. R. APP. P. 38.1(g) .............................................................................................. 1

TEX. R. CIV. P. 63 ....................................................................................................... 6

**OTHER**

Merriam Webster Online Dictionary
at www.merriam-webster.com/dictionary/disbursement ........................................ 10

W. Wendell Hall, D. Ray Rodriguez, *Hall's Standards of Review in Texas*,
42 ST. MARY'S L.J. 3, 67 (2010)................................................................................ 9

## STATEMENT OF THE CASE

This appeal deals with a short, one-day remand trial that was held in accordance with the judgment, mandate and opinion issued by the Eight Court of Appeals. As instructed by the mandate, the trial court made computations and ordered the disbursement to Appellee Lawrence C. Mathis of $57,228.16, representing some of the amounts paid into the trial court's registry and then paid to Appellant DRC Mortgage III, Sub I, LLC during the pendency of the appeal. The court also awarded Mathis attorney's fees of $158,000 under his declaratory judgment claim, along with costs and pre-judgment interest.

## STATEMENT REGARDING ORAL ARGUMENT

Mr. Mathis does not request oral argument, as the issues raised on appeal are simple, straightforward and controlled by settled law.

TO THE HONORABLE FOURTEENTH COURT OF APPEALS:

Appellee Lawrence C. Mathis (Mathis) files this brief asking the Court to overrule Appellant's issues and affirm the district court's final judgment in all respects. Mathis respectfully shows:

## COUNTER-STATEMENT OF ISSUES PRESENTED

1. On a general remand with instructions, can a party amend its pleading pursuant to Texas Rule of Civil Procedure 63?

2. Where a trial court is instructed on remand to make computations and provide for disbursements, is it proper for the court to award disbursement of amounts paid out of the registry of the court under a judgment that was subsequently reversed?

3. Did the trial court act within its discretion to award attorney's fees under a declaratory judgment claim on a remand trial under a general mandate with instructions?

## OBJECTION TO APPELLANT'S STATEMENT OF FACTS

Appellee objects to the argumentative nature of Appellant's statement of facts. TEX. R. APP. P. 38.1(g). For example, Appellant states that "Mathis filed a spate of lawsuits and amended petitions, all in an attempt to expand the scope of the mandate . . . ." Appellant's Brief at 9. Mr. Mathis filed one lawsuit against DCR after the Eighth Court found that DCR had not accelerated its note, thereby

1

rendering DCR's foreclosure improper. DCR removed the suit to federal court. Mr. Mathis amended his petition in an attempt to consolidate the federal and state litigation, and to reflect the facts that had changed since the trial court's judgment.

Appellee objects to Appellant's mischaracterization and misstatement of the mandate. Appellant's Brief at 9. The mandate is general, reversing the judgment and remanding for further proceedings in accordance with the court's opinion. *See* CR 133. The opinion, and not the mandate, instructs the trial court on remand to determine final computations and provide for disbursements. *See* CR 92.

## COUNTER STATEMENT OF FACTS

The Eighth Court's opinion accurately states the facts through the trial court's original judgment. *See Mathis v. DCR Mortg. III, Sub I, LLC,* 389 S.W.3d 494, 496-504 (Tex. App.—El Paso 2012, no pet.). As part of its final judgment, the original trial court ordered the court clerk to pay to DCR $105,728.16 paid by Mathis into the registry of the Court. *See id.* at 501. The amount included a payment of $52,025.60 tendered by Mathis on April 8, 2009 to bring the note current. *Id.*; RR Vol. 4; pp. 31-34.

After the trial court's judgment, Mr. Mathis appealed, but could not afford a supersedeas bond. RR Vol. 2; p. 88:11-12. During the appeal DCR again began the foreclosure process. DCR foreclosed on the note on February 1, 2011 and took possession of the building through a credit bid. *See* RR Vol. 2; pp. 77:3-10,

2

122:2-5; RR Vol. 4; pp. 434-439. That foreclosure is the subject of a wrongful foreclosure suit pending in the United States District Court, Western District of Texas. *See* RR Vol. 2; p. 174:3-9; *Mathis v. DCR Mortg. III Sub I, LLC*, Case 1:13-cv-00192-SS, In the United States District Court for the Western District of Texas, Austin Division.

On June 21, 2011 DCR received approximately $105,000 that had been paid into the registry of the Court by Mr. Mathis. RR Vol. 4; p. 441; RR Vol. 2; p. 185:13-15. The note had been extinguished by the foreclosure, so DCR accounted for the funds as rent. RR Vol. 2; pp. 185:16-186:2. In October 2012, Texas' Eighth Court of Appeals found for Mr. Mathis and determined that the Note and deed of trust did not clearly and unequivocally waive Mr. Mathis's right to notice of intent to accelerate and time to cure, and any attempted acceleration was ineffective. *Mathis,* 389 S.W.3d at 496. The judgment was reversed and the case remanded. *Id.*

On remand, Mr. Mathis amended the petition in an attempt to consolidate the federal wrongful foreclosure action and the state court remand. *See* CR 195-204. DCR moved to strike the second amended petition, favoring separate state and federal trials. *See id.* at 205-17. Mr. Mathis then amended to remove the federal court claims, and Plaintiff's Third Amended Petition and Fourth Amended Petition,

the live pleading at the time of the remand trial, had only a declaratory judgment cause of action. CR 218-25; 290-97.

## SUMMARY OF THE ARGUMENT

Amending pleadings on remand is hardly a novel concept, and the trial court properly allowed Appellee's amendments. A party may amend its pleadings without leave on remand, and the amendments were not only within the scope of the general remand, they were expressly addressing the Eighth Court of Appeal's instructions. Although a consolidation of the state remand and the federal wrongful foreclosure case would have saved judicial and economic resources, ultimately, absent DCR's agreement, the remand proceeding was simply a declaratory judgment action, the same cause of action contained in Plaintiff's Original Petition. *See* CR 4-13. Therefore, even if the amendments were in error, it was harmless.

The remand bench trial was necessary and expressly required by the mandate and opinion of the court of appeals. DCR's contention that it was an abuse of discretion for the trial court not to simply enter a judgment without a remand proceeding is a stretch. Even the relief sought in Defendant's Motion for Entry of Final Judgment required the introduction of new evidence. DCR's motion attached new evidence of the actual foreclosure, the substitute trustee's deed. *See* CR 136-50. That evidence was not properly admitted by DCR's motion and

4

could not properly be admitted without a remand trial. The trial court did not abuse its discretion in conducting the brief remand trial.

Under an abuse of discretion standard, the trial court's calculations and disbursements are clearly supported by careful reasoning, as the judge simply calculated the amount to put Mr. Mathis in the position had DCR not wrongly rejected his tender of payments to become current under the note, applying the parties' respective note calculations through that April 2009 date.

Finally, the trial court had the discretion on remand to award fees to Mr. Mathis, just as fees had been awarded to DCR in the original trial reversed by the Eighth Court. The fees awarded were significantly lower than Mr. Mathis' actual fees, and the amounts were supported by proper expert testimony.

## ARGUMENT

### A.    Amended Pleadings Were Properly Allowed on Remand

Amendment on remand is not a novel procedure. *See, e.g., Reynolds v. Murphy,* 266 S.W.3d 141, 146-47 (Tex. App.—Fort Worth 2008, pet. denied) ("Generally' [w]hen a case has been remanded, the cause is pending and amended pleadings may be filed in pending cases pursuant to [rule] 63'" citing *U.S. Fid. & Guar. Co. v. Beuhler,* 597 S.W.2d 523, 524-24 (Tex. Civ. App.—Beaumont 1980, no writ)). In the present case, the amendment applicable at the time of the remand trial merely clarified the declaratory relief sought, in order to

correspond to the opinion of the court of appeals. The amendments in this case are quite similar to the amendment allowed in *Lampman v. First Nat'l Bank in Dallas*, 463 S.W.2d 28 (Tex. Civ. App.—Waco 1970, writ ref'd n.r.e.).

In *Lampman*, the trial court entered a money judgment against the bank. *See id.* On appeal, the judgment was reversed and remanded "for determination only of reasonable attorney's fees" due to the bank. *Id.* The bank on remand amended its pleading, and instead of asking for $500 attorney's fees, it asked for "reasonable attorney's fees." *See id.* at 28-29. The bank then obtained a judgment for $2,150 in fees, and on appeal, the amendment was upheld, because amendment under Rule 63 is allowed after a reversal and remand. *See id.* at 29; TEX. R. CIV. P. 63.

In the present case, the second amended petition attempted to consolidate the actual wrongful foreclosure case pending in federal court with the state court proceeding. CR 195-204. That amendment added a new claim based on facts not before the Eighth Court of Appeals, and as in *Reynolds,* the remand did not indicate that new claims based on new facts could not be alleged. *Reynolds,* 266 S.W.3d at 147. However, none of this matters, as ultimately the petition controlling the remand trial was a pleading that clarified the original declaratory judgment to ask for (i) a computation of amounts due under the note; (ii) a disbursement, or unwinding of the disbursement previously made to DCR following foreclosure; and (iii) reasonable and necessary attorney's fees.

6

CR 290-97. Therefore, even if allowing the second amended petition to be filed was error, such error was harmless. The live pleading was the same declaratory judgment action alleged in the original petition. The trial court could not have abused its discretion in proceeding under an amended petition that simply asked for relief premised entirely on the instructions of the opinion of the court of appeals.

**B.      The Bench Trial Was Required By the Mandate and Necessary to Enter Judgment of Any Kind**

DCR contends the Court abused its discretion by not simply entering judgment without a remand trial. Appellant's Brief at 16. DCR contends that its foreclosure and receipt of the registry funds mooted any need for the remand proceeding ordered by the mandate and opinion. *See id.* at 18-21. But the court could not have entered judgment as requested by DCR without admitting new evidence. The record was devoid of any evidence that there had been a foreclosure. The record contained nothing about DCR's post-foreclosure receipt of the registry funds, save for the order. In order to get the judgment DCR says the trial court should have entered, there had to be a trial to admit evidence showing that the remand ordered by the court of appeals was moot.

DCR's Motion for Entry of Judgment demonstrates the need for a remand proceeding. CR 136-50. The motion attaches the substitute trustee's deed that was never admitted into evidence. *See id.* at 143. The judgment DCR wanted (in order to avoid the trial court's award of attorney's fees to Mr. Mathis) required a remand

trial to admit evidence of the foreclosure. Furthermore, after DCR foreclosed, extinguished the note and then took possession of Mr. Mathis' valuable commercial building, DCR received a windfall of the $105,678.16 Mr. Mathis had paid into the registry of the court. *See* RR Vol. 2; pp. 77:3-10; 122:2-5; RR Vol. 4; pp. 434-439; 441. There had to be a trial to properly make computations and disbursements to resolve the registry funds—consistent with the mandate and opinion.

The trial court did not abuse its discretion by conducting the bench trial.

## C. Trial Court's Computations and Disbursements Were Well Within the Court's Discretion

### 1. *Although the basis for DCR's challenge is unclear, the proper standard is simply an abuse of discretion.*

DCR boldly states that "A declaratory judgment should be reversed unless 'it is sustainable upon any legal theory supported by the evidence,'" quoting *Tanglewood Homes Ass'n Inc. v. Feldman*, 436 S.W.3d 48, 76 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) and *Stephenson v. LeBoeuf*, 16 S.W.3d 829, 842 (Tex. App.—Houston [14th Dist.] 2000, pet. denied. The quotation certainly puts a negative spin on the full quotation from those cases, in an effort by DCR to dance around the fact that the proper standard of review is abuse of discretion.

Declaratory judgments are reviewed under the same standards as other judgments. TEX. CIV. PRAC. & REM. CODE § 37.010 (West 2010). The appellate

8

court looks to the procedure used to resolve the issue below to determine the standard of review. *Tanglewood Homes,* 436 S.W.3d at 66. When the trial court's findings involve questions of law and fact, the appellate court reviews the trial court's decision for an abuse of discretion. W. Wendell Hall, D. Ray Rodriguez, *Hall's Standards of Review in Texas*, 42 ST. MARY'S L.J. 3, 67 (2010). A trial court abuses its discretion only if it is so arbitrary or unreasonable that it amounts to a clear and prejudicial error of law.

The trial court did not in any way abuse its discretion to declare the rights and legal status of the parties on remand.

> 2. *The trial court calculated a fair amount that should have been awarded to Mr. Mathis had DCR not already taken the registry funds.*

As is evident from the record of the remand trial, both parties attempted to prove up their note calculations to the court as of the date of foreclosure, February 1, 2011. But the trial court interpreted the task mandated by the Eighth Court differently:

> I'm going to give you my full kind of thought process here, is I go back to '09, really, and I go back to the decision to accelerate, which we now know that the Court of Appeals believed - I'm going to say their exact language. The Court of Appeals wrote that, "There was no notice of intent to accelerate and time to cure, and because there was not effective waiver of notice of intent to accelerate, acceleration was void as a matter of law." So that's the date I'm looking at. And given everything that's happened since, which really makes it more confusing, I go back to that, the improper acceleration and try to put a number in place then consistent with the Eighth Court of Appeals'

9

ruling. And what I come up with, the amount of damages that the plaintiff is entitled to is $57,228.16.

* * *

And I, basically took the amount of money that was in the Registry of the Court and subtracted it by the amount of money – the 52,025.60, that was the lump sum payment that Mr. Mathis paid, and then added on top of that the $3,500 worth and some change in fees that the plaintiffs also had.

RR Vol. 2; pp. 192-93. The court did not act arbitrarily or unreasonably in trying to apply and give full effect to the mandate and opinion under which the court was proceeding. Judge Meachum's discussion of the computation she performed indicated that she was attempting to place the parties in *status quo ante* the appeal and foreclosure. This factual determination is fully supported by the trial court's authority to perform the computations and make disbursements.

DCR does not attempt to distinguish the difference between disbursements and damages. Merriam Webster defines disbursement as the act of disbursing, or funds paid out. www.merriam-webster.com/dictionary/disbursement. The registry funds had been wrongfully disbursed to DCR during the pending appeal, so the court, to effect a disbursement to Mr. Mathis, awarded the amount of the registry funds to which the court determined he was entitled.

DCR can point to no evidence in the record where DCR provided the trial court with its own calculation of the amount that should be disbursed to

10

Mr. Mathis. DCR simply disagrees with the court's finding, which is not enough to reverse the judgment.

> 3. *DCR's "free rent" and "note balance" arguments do not demonstrate that the court did not perform proper computations and disbursements, and the arguments are mooted by DCR's wrongful foreclosure.*

DCR argues, in the alternative, that the judgment gives Mr. Mathis free rent, or that his $3,500 monthly payments into the registry were exhausted under the note by December 2010. Appellant's Brief at 26-27. But the very foreclosure that DCR contends moots the need for a remand trial eliminates these arguments. DCR, at its own risk during the appeal, took possession of Mr. Mathis' building. That extinguished the note and thereby eliminated any amounts owing by Mr. Mathis. Therefore, Mr. Mathis could not have owed any "rent" (for which there is no record support) and whether the payments into the court did not meet the amount owed as of February 2011 (2 months after the exhaustion of such funds under the note terms) is of no consequence. DCR chose to wrongfully exercise its foreclosure remedy based on the trial court's judgment that was later reversed. In doing so, DCR eliminated any claim that it was owed anything by Mr. Mathis. The note was completely extinguished, and in return, DCR possessed a valuable Austin property. If anything, DCR was unjustly enriched via the wrongful foreclosure—not deprived of rents or note payments—which is why there is a pending wrongful foreclosure lawsuit.

11

DCR further argues that the payments into the court's registry, if applied to the note, would have been exhausted some two months prior to the foreclosure. Appellant's Brief at pp. 26-28. But the $105,000 was never applied to the note. DCR took the $105,000 as a windfall months after foreclosing and extinguishing the note. RR Vol. 4; p. 441.

DCR's arguments have no bearing on the trial court's decision under the mandate and opinion. DCR is simply arguing the equities. But if DCR wants to argue equity to this Court on appeal, Mr. Mathis would point out that the record shows a 2006 appraised value of his property at $1,235,000 and a negotiated sales price of $1,525,000. RR Vol. 4; pp. 615; 604. Mr. Mathis owed DCR only $250,824.78. RR Vol. 2; p. 87:6-8.

DCR's arguments do not go to show that the calculation was unreasonable or arbitrary.

4.  *The trial court made no mathematical errors and DCR did not provide alternative amounts.*

In arriving at its judgment, the trial court was not required to provide to DCR its precise calculation of the amount that should be disbursed to Mr. Mathis. Still, the judge did provide guidance on how she arrived at her decision, and her figure is supported by the evidence. Whether or not Mr. Mathis made payments to DCR of $2,601,28 or $924.32, the trial court determined that approximately $3,500 out of the money actually paid in was owed back to Mr. Mathis. *See* RR Vol. 2;

p. 193:2-18. As the trial court noted, she was sitting in equity in making that determination. *Id*. at 193:3-7. While an action for declaratory judgment is neither legal nor equitable, it is *sui generis,* and gives the court broad powers to afford the relief it deems proper. *Tex. Liq. Contr. Bd. v. Canyon Creek Land Corp.,* 466 S.W.2d 891, 895 (Tex. 1970). The trial court's calculation is not susceptible to attack based on creative arguments and arithmetic—it was a just and right determination of an amount that should have been refunded to Mr. Mathis.

DCR's attacks on the trial court's math are quickly dismissed. Mathis used a 17.5%, because that is what DCR's spreadsheets used. RR Vol. 2; pp. 81:22-82:1. The note does not "call for" reamortization, it gives DCR the option and DCR never did so throughout the life of the note. There is no record cite for the reamortization because the argument came up for the first time in the federal court litigation recently. Finally, legal fees expended by DCR have no bearing on the calculation, as DCR was ultimately not the prevailing party. *See* RR Vol. 2; pp. 179:11-180:9.

Furthermore, the record does not show that DCR attempted to prove its own calculation of a disbursement to Mr. Mathis. DCR wanted absolutely nothing to be awarded to him. The issues raised on appeal were in no way raised by DCR at trial, and any objection to them was waived.

**D.**     **The Attorney's Fees Awarded Were Equitable and Just**

    *1.     Fees were not beyond the scope of the mandate.*

Even if Mr. Mathis had not amended his petition to add a request for fees under the declaratory judgment claim, his original petition requested fees. CR 11, ¶ XVII. The mandate did not prohibit an award of fees. Furthermore, DCR waived any *post facto* objection to fees by failing to object to the admission of testimony or documentary evidence supporting the award. *See, generally,* RR Vol 2; 147:10-154:22.

This was a five-year struggle for Mr. Mathis, and the fees awarded were significantly lower than the $270,996.25 actually expended by Mr. Mathis in his attempt to protect his property.

    *2.     The fees awarded were reasonable, necessary and within the court's discretion.*

After a scorched-earth litigation, DCR now claims that "this is a profoundly simple case." Appellant's Brief at pp. 36-37. The record shows otherwise, and not because of Mr. Mathis. DCR refused to consolidate the wrongful foreclosure case, and the fees sought by Mr. Mathis in the present case do not include those fees he has incurred in the federal litigation. The *Arthur Anderson* factors are satisfied. DCR did not challenge the expert testimony on fees. DCR can point to no case depriving the trial court of the authority to award fees in excess of the computed amount of $57,228.16. The fees were equitable, just, reasonable, and necessary.

In no way was the award arbitrary or unreasonable, and the award of attorney's fees should stand.

## CONCLUSION AND PRAYER

For all these reasons, Appellee asks the Court to affirm the judgment of the trial court in all respects, and to award such other and further relief to which he may be entitled.

Respectfully submitted,

*/s/ Steve Skarnulis*

Steve Skarnulis
State Bar No. 24041924
skarnulis@cstrial.com
Patrick J. Fitzgerald
State Bar No. 24036566
pfitzgerald@cstrial.com
**CAIN & SKARNULIS PLLC**
400 W. 15th Street, Suite 900
Austin, Texas 78701
512-477-5000
512-477-5011—Facsimile
**COUNSEL FOR APPELLEE
LAWRENCE C. MATHIS**

15

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Appellee's Brief has been forwarded to all counsel of record in accordance with the Texas Rules of Appellate Procedure on this 15th day of June 2015, as follows:

| Method of Service | Party(ies) | Counsel |
|---|---|---|
| **E-service** | Appellant | Thomas M. Hanson<br>thanson@dykema.com<br>Jason M. Ross<br>jross@dykema.com<br>**DYKEMA GOSSETT PLLC**<br>1717 Main Street, Suite 4400<br>Dallas, Texas 75201<br>214-462-6400<br>214-462-6401—Facsimile |

*/s/Steve Skarnulis*
Steve Skarnulis

## CERTIFICATE OF COMPLIANCE

I certify that this Brief complies with the typeface requirements of Texas Rule of Appellate Procedure 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of Texas Rule of Appellate Procedure 9.4(i), if applicable, because it contains 3,476 words, excluding any parts exempted by Texas Rule of Appellate Procedure 9.4(i)(1).

DATED:      June 15, 2015

*/s/ Steve Skarnulis*
Steve Skarnulis