**WILSON v. WILSON.**

No. 15073.

Court of Civil Appeals of Texas.
Fort Worth.
Oct. 28, 1949.

Rehearing Denied Dec. 2, 1949.

R. A. Stuart and R. Price Howard, both of Fort Worth, for appellant.

Culbertson, Morgan, Christopher & Bailey and M. Ward Bailey, all of Fort Worth, for appellee.

McDONALD, Chief Justice.

Appellee, the wife, obtained a divorce from appellant in a non-jury trial. Appellant complains on appeal of portions of the judgment dealing with the property rights of the parties.

The first complaint is with respect to the adjudication that the residence of the parties, on Summit Avenue in Fort Worth, was wholly community property. The purchase price of the property was $9731.07. Appellant contends that $3731.07 of his separate funds went into the purchase, which was made during the marriage, and that he owns as his separate property an undivided 38.342 per cent interest in the property and that the interest of the community estate is 61.658 per cent.

The parties were married in 1933. A few months before the marriage appellant purchased a home in the Arlington Heights area in Fort Worth. The purchase price was $3000. Appellant paid $1000 from his separate funds at the time of the purchase, but the remainder of the purchase price, all interest on the loan, and all taxes and insurance on the property, were paid with community funds. The Arlington Heights home was sold in 1944 for $7500 in cash.

■ It is clear that the Arlington Heights residence, having been acquired before marriage, was appellant's separate property, and that the right of the community estate with respect thereto was for reimbursement of the amount of the purchase price it had paid and an equitable adjustment with reference to the community funds expended for taxes, insurance and interest. Colden v. Alexander, 141 Tex. 134, 171 S.W.2d 328. The $7500 received from the sale of the Arlington Heights residence was likewise, when received, appellant's separate property, but there existed at such time the right of the community estate for reimbursement and adjustment of equities as above stated.

When the $7500 was received, appellant placed $1500 of the money, in currency, in a wallet which he kept in his possession, and told appellee that the $1500 was retained by appellant to reimburse himself for the part he had paid on the Arlington Heights home. He deposited the remaining $6000 in the community bank account, which at that time had a balance of about $14 in it. Appellee testified that she agreed to the retention of the $1500 by appellant. In his pleadings appellant averred that when the Arlington Heights home was sold he repaid the community estate the $2000 paid on it by the community and that the $2000 "and more than the sum that was so advanced has been repaid in full by defendant's separate estate into the community funds and was so deposited when the sale was made * * *." Appellant testified that he reimbursed the community out of the money received from the sale of the Arlington Heights residence, but did not testifiy as to the amount of such reimbursement. The trial court found that within three or four days after the $6000 was deposited in the bank $3231.07 was paid from said deposit on the purchase of the Summit Avenue residence.

Appellant argues that the evidence shows, and that the trial court's findings are to the effect, that the $3231.07 was paid from appellant's separate funds. We do not so construe the evidence or the findings.

■ The deed to the Summit Avenue property named both appellant and appellee as grantees, and there is no language in it indicating that the grant was to appellant's separate estate. Presumptively the grant was to the community, Dakan v. Dakan, 125 Tex. 305, 83 S.W.2d 620, and the burden was on appellant to prove his claim that he owned a fractional interest as his separate estate by reason of having paid a part of the purchase price with separate funds. When appellant received the $7500 he made some sort of settlement of the claim of the community against the proceeds of sale of the Arlington Heights property. How much of the $6000, whether part or all, he paid to the community in settlement of the claim is perhaps not shown, although we are inclined to the view that the evidence would warrant a finding that he paid all of the $6000 to the community in settlement of its claims against the $7500. He was the manager of the community estate, and apparently undertook to act for the community as well as for himself in the matter, although the testimony of appellee is that she agreed to his retention of $1500 as his separate part of the $7500. The finding of the trial court was that separate funds and community funds were so commingled that appellant's separate funds could not be traced into the purchase price of the Summit Avenue property. The finding is supported by the record. If we look at the matter most favorably to appellant, although we are not required to do so in the face of the judgment against him, we see that he paid something less than all of the $6000 to the community when he deposited the $6000 in the bank. If some of the $6000 remained appellant's separate property, there is no proof of how much was separate and how much was community. Furthermore, there

is no proof that the $3231 paid on the Summit Avenue property came from appellant's portion of the $6000 rather than from the portion which appellant had paid over to the community. The burden of tracing his funds into the Summit Avenue property was on appellant, and the evidence supports the finding of the trial court that appellant's separate funds could not be traced into the property. We approve the finding that the Summit Avenue property belonged to the community.

Appellant contended at the trial that $1300 of the $1500 which he had placed in his wallet had been kept intact from 1944 until shortly before the time of the trial, when the wallet came into possession of appellee, and appellant complains of the finding of the trial court that the $1300 was community funds. It is not necessary to state the evidence in detail further than to say that the wallet contained several thousand dollars besides the $1500, that money was frequently put into and taken from the wallet, and that the state of the evidence does not justify us in overturning the trial court's finding that the $1300 was commingled so that it could not be traced.

The property on Summit Avenue consisted of a two-story house and a small apartment on the rear of the lot. Appellant and appellee, together with their small son, lived in an apartment upstairs. Most of the first floor was occupied by appellant's officers. By profession he is a chiropractor. The trial court awarded the exclusive possession and use of the Summit Avenue property and all of the income, rents and revenues from it to appellee for herself and the child during the remainder of appellee's life or until she should remarry. Appellant complains of this in several respects.

As above said, the property was purchased in 1944 for $9731. Both parties testified that it had greatly enhanced in value. There was no testimony as to the present value, but appellee alleged in her petition that it was worth $50,000. The evidence indicates that the property has changed so as now to be in the nature of business rather than residential property.

Two apartments were being rented out, and the reasonable inference from the testimony is that the space occupied by appellant's offices could be rented for business offices of some kind. There is an unpaid balance of $4000 owing on the purchase money lien, but the judgment contains no provisions with respect to payment of this lien nor with respect to payment of taxes, insurance and upkeep of the property.

Numerous opinions declare the general rule that the trial court has wide discretion in partitioning the property of the parties. See 5 Tex.Jur., Divorce and Separation, Paragraphs 107, 127 and 128, and cases cited. The judgments of the trial courts have usually been upheld on appeal. The discretion is not an unlimited one, however, and should be exercised with due regard for the rights of the parties. We have compared the facts in the cases cited by appellee, but believe that in none of them was there a disposition of property similar to the disposition made in the present case. Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21, is often cited as the leading case on the subject. There the principal question for decision was whether a tract of land belonging to the separate estate of the husband could lawfully be set aside for the use of the wife and minor children as their homestead. Two tracts were owned by the husband, one containing 197½ acres, the other 104 acres. Their respective values are not shown in the opinion, but it is shown that the 104 acre tract, which was set aside for the use of the wife and children, was subject to a mortgage indebtedness of $7500. According to the opinion, an abuse of discretion is shown where the disposition made of the property is manifestly unjust and unfair. In Moor v. Moor, 24 Tex.Civ.App. 150, 255 S.W. 231, all of the property belonged to the community. The trial court ordered that it be divided equally. In Scannell v. Scannell, Tex.Civ.App., 117 S.W.2d 538, there was a charge that the husband had secreted a large amount of the community property. Seemingly the trial court undertook to make an even division of the community property, taking into account items of property which the husband

had in his hands that never came into the possession of the receiver who was appointed for the purpose of taking charge of all community assets. The facts are so different from those of the present case that the opinion is not helpful here except for its statements of accepted general principles. In Bagby v. Bagby, Tex.Civ.App., 186 S.W.2d 702, there was about $25,000 worth of community property. The homestead worth $6,000, was the separate property of the husband. It may be stated, briefly, that the effect of the judgment was to award to the wife the use of the homestead for fifteen years, or until she should remarry, and to divide the community property somewhat equally, giving to the wife a little more than was given to the husband. In Smith v. Smith, Tex.Civ.App., 187 S.W. 2d 116, the homestead, use of which was awarded to the wife for ten years or until she should remarry, was a 55 acre farm. The opinion does not indicate its value. In Puckett v. Puckett, Tex.Civ.App., 205 S.W. 2d 124, complaint was made on appeal by the wife, but was overruled, of the adjudication that a portion of the comparatively small amount of property involved was the separate property of the husband. The opinion is not in point on the issue now being discussed. The above are the cases cited by appellee in support of the award to her of the exclusive use and possession of the Summit Avenue property.

By a stroke of good fortune the property which these parties purchased for use as a residence and as a location for the practice of appellant's profession has become valuable business property. According to the wife's allegations, it is now worth $50,000. If such be true, it could be ordered sold and each party in a fair division of the proceeds could be awarded a sufficient amount to purchase a home costing more than this one cost. The husband has been using a portion of the property for offices, and is deprived of such use by the judgment. The judgment contains no order with respect to the mortgage indebtedness against the property, and it is possible that the property could be lost to both of the parties if the indebtedness should not be paid. The judgment does not, as we view it, manifest a due regard for the rights of the husband.

We think that the disposition made of the Summit Avenue property, under the peculiar facts and circumstances of the case, is manifestly unjust and unfair, and that it ought to be set aside. We do not hold that the community property should be divided equally, or in any other named proportion. Our only authority is to determine whether the disposition of property made by the judgment should be upheld.

Since the division of other property of the parties, and the order with respect to support of the child, may have been made in the light of the disposition made of the Summit Avenue property, the judgment is reversed with respect to the child support order and with respect to partition of all the property. The judgment is left undisturbed in so far as it granted a divorce to appellee and in so far as it awarded custody of the child. Texas Rules of Civil Procedure, rule 434.

Judgment of the trial court left undisturbed in part, reversed and remanded in part.

## On Motion for Rehearing

Appellee, through her counsel, has filed an able motion for rehearing, in which she argues with great force and persuasion that we were in error in overturning the judgment of the trial court in the respects set out in our original opinion, and that what we did in effect was to substitute our discretion for that of the trial court. Appellant, through his counsel, has filed a lengthy reply to said motion and has also filed a motion praying that appellee's motion for rehearing be dismissed. We have carefully considered the motion for rehearing, appellant's reply to it, and appellant's motion to dismiss appellee's motion for rehearing, but we adhere to the views expressed in our original opinion.

Appellee directs our attention to a misstatement in our original opinion concerning the facts in Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21, wherein we said that the 104 acre tract set aside for the use of the wife and children was subject to a mort-

gage of $7500. The 104 acre tract was not subject to such indebtedness. We were correct in saying that the opinion in that case did not set out the respective values of the two pieces of land there involved.

Appellee's motion for rehearing, and appellant's motion to dismiss appellee's motion for rehearing, are both overruled.