**L. G. HOOPER, Appellant,**

v.

**Barbara HOOPER, Appellee.**

**No. 7607.**

Court of Civil Appeals of Texas.

Amarillo.

May 2, 1966.

Rehearing Denied May 30, 1966.

Cox & Hurt, Plainview, for appellant.

Huff & Bowers, Lubbock, for appellee.

DENTON, Chief Justice.

Barbara Hooper, plaintiff below, obtained a divorce from L. G. Hooper in a nonjury trial. The decree awarded custody of the minor son to the plaintiff; ordered a division of the community property; and ordered the defendant to pay $100.00 per month for the support of one minor child. The sole question presented by the defendant below on appeal is whether the trial court abused its discretion in the manner in which the property was divided.

Mrs. Hooper filed a suit on July 8, 1963, but the case was not heard on its merits until September 15, 1965. In the meantime Mr. Hooper was under an injunction not to dispose of any of the property; not to go about or molest his wife or the children; and was required to pay $250.00 per month for the temporary support of the wife and children. It is admitted these monthly payments were paid during this period. The parties had been married some 26 years and it is conceded all property involved was community property. Except for debts owing on a 1962 Chevrolet pickup truck and a 1956 Chrysler, all property was free and clear of indebtedness. Although there was some difference in the estimated values placed on some of the property by the parties, there is no substantial controversy over the property valuations. Prior to the trial the court appointed an independent appraiser. His report is not in evidence, but references to his appraisal were made ·by various witnesses and it seems to compare favorably with the Inventory and Appraisement filed by appellant upon the order of the trial court. The appraised value of the property is not in real issue.

The parties acquired the following community property along with its approximate ·value:

(1) A house and lot of the value or $11,500.00;

(2) Household furniture and fixtures valued at $1200.00;

(3) 26 Appaloosa horses valued at $4,000.00;

(4) One-half interest in a sporting goods and western wear store which includes its stock and fixtures, of the value of $16,000.00;

(5) One 1958 Chevrolet automobile of the value of $700.00;

(6) A 1956 Chrysler automobile of the value of $500.00, upon which there was a debt owed of $500.00;

(7) A 1962 Chevrolet pickup truck of the value of $1200.00, upon which there was a debt owed of $750.00;

(8) 2 horse stalls and pens, valued at $300.00;

(9) A tandem horse trailer, valued at $200.00;

(10) A life insurance policy, on the life of appellant in the face amount of $1,000.00, with a cash surrender value of approximately $650.00; and

(11) 2 bank accounts, the exact amount of each not shown, but they were relatively small.

The court awarded appellant the horses, the stalls and pens, the horse trailer, and the 1958 Chevrolet automobile; and awarded appellee the remainder of the property. The property awarded to Mrs. Hooper was valued at approximately $30,500.00 while the property awarded to the husband was valued at approximately $4,500.00. This does not include the $250.00 per month paid Mrs. Hooper by appellant for some 26 months for the support of herself and the children between the filing of the suit and the trial of the case. The parties' middle son was 17 years of age at the time suit was filed, but was over 18 at the time of the trial.

We know of no class of cases in which the general rules of law are more settled. The cases are legion which declare the general rule that the trial court has wide discretion in disposing of community property of parties to a divorce action. Tex.Jur.2d, Divorce and Separation, Section 207, page 545 and cases cited. However, this wide discretion is not unlimited and should be exercised with due regard for the rights of the parties. Wilson v. Wilson (Tex.Civ.App.) 225 S.W.2d 236. One of the early leading cases, Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21, held the district court was empowered to "order a division of the estate of the parties to the divorce suit in such a way as to the

court seemed just and right, having due regard to the rights of each party and of the children". It holds an abuse of discretion is shown where the disposition made of the property is manifestly unjust and unfair.

To support the trial court's disposition of the property in an admittedly unequal division, appellee relies heavily on the fact appellant is the party at fault. This is unquestionably true. His conduct as a husband and father is not condoned. It is uncontradicted that for some time prior to the filing of the divorce suit, appellant frequently remained away from their home until all hours of the night; he drank intoxicants to excess on occasions; and such conduct resulted in the breaking up of his own marriage as well as that of his brother-in-law. Although Duncan v. Duncan (Tex.Civ.App.) 374 S.W.2d 800 and other cases have held fault in breaking up the marriage and the benefits the innocent spouse would have received from a continuation of the marriage are factors a court may consider in making a division of property, they are not the only factors which a court may consider. The division of property need not be equal so long as it is not so disproportionate as to be inequitable. Bowling v. Bowling (Tex.Civ.App.) 373 S.W.2d 829. No case has been cited, and we have found none in which, in our opinion, the division of the property was as unequally divided as was done in this case. Admittedly, appellee was a fine mother to the parties' three sons, the ten year old boy whose custody was awarded to her and the two other boys who were over the age of eighteen at the time of the trial. She had not worked out of the home for many years, and is untrained to perform skilled work, but we think appellant's rights must be considered. The sporting goods store, which had been operated by appellant and his partner for several years constituted the major source of the family income.

The court's judgment would deprive him of any interest in the most valuable income producing property owned by the parties. He was also engaged in breeding and selling Appaloosa horses, but there is no probative evidence that it was a very profitable venture. Cases relied upon by appellee are so different on the facts they are of no real value except for their statements of accepted general principles of law. It is evidence from viewing this record that Mrs. Hooper honestly and sincerely believed she was entitled to all the property. Her attorney, in the course of the trial, stated to one of the witnesses: "We are asking for all of it or practically all of it" and an another occasion said "We are after every dime of the community estate". In our opinion the trial court's judgment does not manifest a due regard for the rights of the husband. Wilson v. Wilson, supra.

Under the facts and circumstances of this case, we think the property division was manifestly unjust and unfair. We are of the opinion, and so hold, the trial court abused its discretion in awarding a substantial portion of the property to appellee. We are not to be understood to hold that the property should be divided equally or any other definite proportion. That is not the prerogative of this court. We are simply charged with the authority to determine whether the division of the property made by the judgment should be upheld. We do not think it should be.

That portion of the judgment which granted appellee a divorce and awarded her custody of their minor son, and required appellant to contribute the sum of $100.00 per month child support is not disturbed.

The judgment of the trial court is affirmed in part and reversed and remanded in part.