**Marie Eugenie Bourg McKNIGHT,
Petitioner,**

v.

**Robert E. McKNIGHT, Respondent.**

**No. B–5960.**

Supreme Court of Texas.

Nov. 24, 1976.

Stubbeman, McRae, Sealy, Laughlin & Browder, William B. Browder, Jr., Midland, Milton L. Bankston, and James V. Hammett, Jr., of the firm, Austin, for petitioner.

Turpin, Smith & Dyer, Irby L. Dyer, Midland, for respondent.

McGEE, Justice.

This case concerns the division of property in a divorce action. Robert E. McKnight, the husband, appealed from the division of property made by the trial court alleging abuse of discretion and asserting that an improper division was made of partnership property. The court of civil appeals reversed the trial court and rendered another property division. 535 S.W.2d 658. We reverse the court of civil appeals regarding its disposition of the property and remand the case to the trial court; we affirm that part of the court of civil appeals' judgment which maintains the trial court's decree of divorce and award of child custody.

■■■ The jurisdiction of this court does not ordinarily extend to cases of divorce. Tex.Rev.Civ.Stat.Ann. art. 1821, subd. 3 (1964). The supreme court, however, has jurisdiction of cases where the court of civil appeals holds differently from a prior deci-

sion of another court of civil appeals on a question of law material to the disposition of the case. Tex.Rev.Civ.Stat.Ann. art. 1728, subd. 2 (1962). This court has jurisdiction because the present case is in direct conflict with *Hooper v. Hooper,* 403 S.W.2d 215 (Tex.Civ.App.—Amarillo 1966, writ dism'd w. o. j.) and *Wilson v. Wilson,* 225 S.W.2d 236 (Tex.Civ.App.—Fort Worth 1949, no writ). The court of civil appeals in this case rendered another property division after determining that the trial court abused its discretion in dividing the property. In so rendering, the court of civil appeals was in conflict with *Hooper* and *Wilson* which held that a court of civil appeals has no authority to render its own property division but must remand the case to the trial court.

Petitioner and respondent were married in 1952. During this marriage the couple had seven children, four of whom were minors at the time of this suit. Disharmony arose in the marriage and the parties separated on May 24, 1972. The wife filed suit for divorce on May 21, 1973. Incident to the divorce were the issues of child custody and the division of property.

The district court entered its decree of divorce on October 15, 1974, awarding custody of three minor children to the husband and custody of the youngest child to the wife. Two of the remaining children, who were not minors, chose to live with the husband. The third child was married and not living with the family.

The trial court divided the property in its divorce decree without expressing the value of the property awarded. The wife was given all the distributions and disbursements from her father's estate which included shares of stock in 16 different companies, all the cash or deposits in three financial institutions held in her name or the husband's name, 3,500 shares of stock of First International Bancshares, 50 shares of stock of the Fort Davis State Bank, the cash surrender value of all the life insur-

ance policies owned by or in the name of either the husband or wife, all the household goods and furnishings of the family home, a 1972 Buick station wagon and one share of stock in the membership of the Odessa Country Club. The wife was also awarded one-fourth of all the cattle and animal stock owned by the McKnight Ranch Company, a partnership in which the husband was part owner, and one-half of the monies in the McKnight Ranch account. The cattle were to be selected by the wife and delivered in kind. The husband was awarded 206 shares of First International Bancshares, 12 shares of stock in the Fort Davis State Bank, ownership of life insurance held in his name, subject to the cash surrender value awarded the wife, the family home, and any interest owned by the husband in 12 drill sites located in Odessa, Texas. The husband was awarded one-fourth of all McKnight Ranch Company cattle, subject to the distribution and award to the wife, one-half interest in the McKnight Ranch Company and its equipment, subject to any outstanding indebtedness of the company. The husband was given his interest in 23,040 acres of ranch land in Crane County, Texas, and any real estate interest held in his name in the Jeff, McCutcheon and Grierson Ranches located in Jeff Davis County, Texas. The husband was required to assume any tax liability incurred during the marriage with any tax refund being split between husband and wife. The husband was also ordered to pay attorney's fees in the sum of $9,750, all court costs, and child support payments of $600 a month for the child in the wife's custody.

The court of civil appeals held that the trial court "abused its discretion in regards to the rights of the children of the marriage." The court stated that this abuse resulted because "the children are the obligation of the husband, yet he is stripped of all cash, a portion of his livestock, left a business to operate but no funds to operate it with, and ordered to pay debts. The day-to-day expense of five children requires

cash or a readily available source of cash . . . ." 535 S.W.2d at 660.

The rationale for the court of civil appeals' holding is the lack of immediate cash assets to operate the ranch and provide for the children. The court remedied this situation by first relieving some of the husband's tax liability. The court reversed that part of the judgment ordering the husband to pay any taxes incurred during the marriage and stated that "[j]udgment is here rendered that the parties share equally, 50–50, any income tax liability incurred during the marriage . . . ." 535 S.W.2d at 661. The court of civil appeals next reversed the portion of the judgment awarding the wife all the deposits in the financial institutions named by the trial court. The court of civil appeals stated that "judgment is here rendered" that all deposits in the name of the wife would remain hers but that any deposits excepting the McKnight Ranch account, held in the name of the husband or jointly in the name of the husband and wife, would be shared equally. The court also reversed the trial court's award of the cash surrender value of various life insurance policies stating that "judgment is here rendered that the ownership and cash surrender value of any policies of life insurance standing in the name of Robert E. McKnight or owned by him are awarded to him." The court reversed the wife's award of any specific McKnight Ranch Company property holding that such an award was in violation of the Texas Uniform Partnership Act, Texas Revised Civil Statutes Annotated article 6132b, and rendered judgment that the husband recover one-half interest in the partnership of McKnight Ranch Company.

■ We believe the court of civil appeals erred in rendering specific awards of property rather than remanding the case to the trial court after it determined that there was an abuse of discretion. It is well settled that the trial court has broad discretion in determining the disposition of property in divorce actions and this discretion will not be disturbed unless an abuse of discretion is shown. *Cockerham v. Cocker-*

*ham,* 527 S.W.2d 162 (Tex.1975); *Bell v. Bell,* 513 S.W.2d 20 (Tex.1974); Tex.Family Code Ann. § 3.63 (1975). The role of the court of civil appeals in reviewing cases where property is divided in a divorce action is to determine only if there is an abuse of discretion. *Hooper v. Hooper,* 403 S.W.2d 215 (Tex.Civ.App.—Amarillo 1966, writ dism'd w.o.j.); *Wilson v. Wilson,* 225 S.W.2d 236 (Tex.Civ.App.—Fort Worth 1949, no writ). When the court of civil appeals rendered specific awards of property, it was in effect substituting its determination of "just and right" for the trial court's determination. Tex.Family Code Ann. § 3.63 (1975). The court of civil appeals in so rendering was infringing upon the trial court's discretion provided in section 3.63 of the Family Code. This case directly conflicts with the rule announced in *Hooper v. Hooper* and *Wilson v. Wilson.* In *Hooper* the court of civil appeals determined that the trial court had abused its discretion and remanded the case with this language:

> "We are not to be understood to hold that the property should be divided equally or any other definite proportion. That is not the prerogative of this court. We are simply charged with the authority to determine whether the division of the property made by the judgment should be upheld." 403 S.W.2d at 217.

In *Wilson* the court of civil appeals held there had been an abuse of discretion in disposing of certain property. The court did not hold that the property should be divided equally or in any named proportion but stated that "[o]ur only authority is to determine whether the disposition of property made by the judgment should be upheld." Courts of civil appeals in reviewing property divisions on divorce do not have the authority to render judgments dividing the property of the spouses.

■ The husband contends that authority for the action of the court of civil appeals can be found in Texas Rules of Civil Procedure 434 which states:

"When the judgment or decree of the court below shall be reversed, the court shall proceed to render such judgment or decree as the court below should have rendered, except when it is necessary that some matter of fact be ascertained or the damage to be assessed or the matter to be decreed is uncertain, in either of which cases the cause shall be remanded for a new trial."

The "matter to be decreed" in this case is a "just and right" division of the property in compliance with the Family Code. The court of civil appeals could not render a property division under the authority of Rule 434 because the matter to be decreed was dependent on the discretion of the trial court.

The husband also contends that the court of civil appeals derives authority for its action from *Fuhrman v. Fuhrman*, 302 S.W.2d 205 (Tex.Civ.App.—El Paso 1957, writ dism'd w.o.j.). There the court of civil appeals reviewed a divorce case where the trial court awarded each spouse their own separate property and the community property was divided equally between them. The court held that the trial court had incorrectly determined that 6613.9 shares of stock was community property and because no findings were made which justified a different method of division from that which was made, the court of civil appeals remanded the case with instructions to set aside the stock as separate, not community, property. The case did not deal with the court of civil appeals rendering an award because of an abuse of discretion and we do not find that it lends authority to the court of civil appeals in the present case. The respondent has failed to cite any case where a court of civil appeals sought to remedy an abuse of discretion by rendering an award of property rather than remanding the case to the trial court. Other cases relied on by the husband are cases where the court of civil appeals has ordered a new trial subject to remittitur of property pursuant to the court's holding regarding an equitable division. *Cooper v. Cooper,* 513 S.W.2d 229 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ); *Dietz v. Dietz,* 540 S.W.2d 418 (Tex. Civ.App.—El Paso 1976, no writ). These cases are distinguishable from the present case because the courts of civil appeals in *Cooper* and *Dietz* would remand the case for a new trial or would affirm a judgment for the division of property if a party would remit certain property to the other spouse. In these situations the option lay with one of the parties to either retry the case or remit some property, but in the present case the property is divested without the party having an option. Mr. McKnight also cites cases in which the courts of civil appeals rendered a judgment either granting or denying a divorce decree due to an error of the trial court regarding a ground relied on for the divorce. None of those cases mentions property division and the judgment of the court of civil appeals only grants or denies a divorce. These cases are not authority for the court of civil appeals in this case.

■ The trial court also awarded the wife specific properties of the McKnight Ranch Company. The company was run as a partnership with Mr. McKnight owning a 50 percent interest, his father owning a 30 percent interest and his sister owning the remaining 20 percent. The court of civil appeals held that under the Texas Uniform Partnership Act, Texas Revised Civil Statutes Annotated article 6132b, the rights of a divorcing spouse can only attach to the husband's interest in the partnership and not specific partnership property. The court of civil appeals was correct in its holding that the trial court erred in awarding specific partnership property. The Texas Uniform Partnership Act provides:

"Sec. 28–A. Extent of Community Property Rights of a Partner's Spouse.

"(1) A partner's rights in specific partnership property are not community property.

"(2) A partner's interest in the partnership may be community property.

"(3) A partner's right to participate in the management is not community property.

"Sec. 28–B. Effect of Death or Divorce on Interest in the Partnership.

"(1)(A) On the divorce of a partner, the partner's spouse shall, to the extent of such spouse's interest in the partnership, be regarded for purposes of this Act as an assignee and purchaser of such interest from such partner."

The trial court detailed a division of the partnership cattle between the husband and wife and awarded the wife one-half of the partnership bank account. The court of civil appeals held the award violated the Act and rendered that the husband recover one-half interest in the partnership with the wife getting no interest in the partnership. While we think the court of civil appeals was correct in its application of the Act, the court should have remanded this issue with the other issues of property division rather than making an award to the husband. It would have been proper for the trial court in its discretion to have given the wife an interest in the partnership. The court of civil appeals by rendering that the husband take a one-half interest in the partnership was infringing on the discretion of the trial court.

The judgment of the court of civil appeals is reversed and the cause is remanded to the trial court for division of the property. In all other respects the judgment of the court of civil appeals is affirmed.