Ronald Ray **EIKENHORST**, Appellant,

v.

Helen Jean **EIKENHORST**, Appellee.

No. 01–87–00022–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 25, 1988.

Julie May Young, Neely C. Lewis, Dillon, Lewis, Elmore & Smith, Bryan, for appellant.

Kent Caperton, Bryan, for appellee.

Before JACK SMITH, DUGGAN and LEVY, JJ.

JACK SMITH, Justice.

This is a divorce action in which the appellant asserts error by the trial court in its award of child support, division of property, temporary support, and attorney's fees. The granting of the divorce and conservatorship of the children are not contested.

The parties were married in 1976, and at the time of their divorce had two children, ages four and six. The appellant is a medical doctor specializing in radiology. He has incorporated his medical practice and is the sole shareholder in that professional association ("P.A."). He is also a partner with another doctor in two separate partnerships in which each doctor owns 50%. His income from these partnerships flows into his medical corporation. Appellant's gross income at time of trial was approximately $250,000 annually.

The two doctors also formed a corporation for the purpose of purchasing and owning certain medical equipment. One-half of the stock in the corporation was owned by the children of the appellant and the appellee, and the other half by the children of the appellant's partner. Medical equipment owned by this corporation was to be used by hospitals that would pay the corporation surcharges for its use.

The appellee is a registered nurse, and, at time of trial, she was working part-time with a wage rate of $10 per hour.

A final decree of divorce was signed on October 20, 1986, and the appellee was granted a divorce on the grounds of insupportability. Upon the appellant's request, the court filed its findings of fact and conclusions of law, but overruled the appellant's objections to such findings and denied his requests for additional findings. The appellant filed a motion for new trial and a corrected judgment, and although the court overruled his motion, it signed a judgment nunc pro tunc on December 2, 1986. After the appellant's appeal was perfected, the trial court issued temporary orders pending appeal, providing for child support, spousal support, and attorney's fees.

CHILD SUPPORT

In his first 10 points of error, appellant makes various attacks on the amount of

child support awarded by the court. In its judgment, the trial court ordered the appellant to make the following child support payments: (1) $3,500 per month through August 1987; (2) $4,500 per month from September 1987, through August 1988; (3) $5,500 per month from September 1988, until the oldest child reaches age 18 or is otherwise emancipated; and (4) $2,275 per month after the oldest child reaches 18 or is otherwise emancipated, and until the youngest child reaches age 18 or is otherwise emancipated.

The appellant asserts that there was no evidence or insufficient evidence to justify: (1) the amount of child support awarded; (2) the automatic increases in child support; and (3) the excessive amount of the child support. He also complains of the trial court's refusal to make additional findings of fact and conclusions of law, and of its failure to consider certain evidence in fixing the amount of child support. He further asserts that the trial court abused its discretion in not considering the overall property division insofar as it affected child support, and in overruling appellant's motion for a new trial based upon newly discovered evidence.

■ The Texas Supreme Court adopted child support guidelines in June of 1986; however, these guidelines were rescinded in July of 1986, and new guidelines were not issued until February 1987. Because the instant case was tried and final judgment was entered when neither set of guidelines was in effect, we are relegated to prior common law in our consideration of the appellant's complaints.

■ Under prior common law, the determination of the amount of child support to be paid is left to the discretion of the trial judge. His order will not be disturbed on appeal absent a clear showing of an abuse of discretion. *Bible v. Bible*, 631 S.W.2d 177, 178 (Tex.App.—Houston [1st Dist.] 1981, no writ).

■ Factors that should be considered in allocating child support include: (1) the particular needs of the children; (2) their previous standard of living; (3) the financial capability of the spouse ordered to pay child support; (4) any other financial resources available for support; and (5) any other schedules, guidelines, or formulas adopted by the court. Tex.Fam.Code Ann. § 14.05(a) (Vernon Supp.1988).

Evidence adduced at trial indicated that in 1986 the appellant earned approximately $220,000, with an additional $30,000 contributed to his pension plan. Although the appellant's annual income has increased progressively, his work load has increased to the point that it will necessitate adding a new partner to the two partnerships. Initially, this would adversely affect the appellant's income.

The appellee's testimony indicates that total *monthly expenses* for herself and the two children is approximately $5,200. This amount included future increases for lessons for the children, vacations, gifts, and other entertainment.

A trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence to support them. *First Nat'l Bank v. Kinabrew*, 589 S.W.2d 137, 146 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.). However, in determining no evidence points, we consider only the evidence and inferences that tend to support the finding, and disregard all evidence and inferences to the contrary. *King v. Bauer*, 688 S.W.2d 845, 846 (Tex.1985). If there is any evidence of probative force to support the court's finding, the point of error must be overruled and the finding upheld. *In re King's Estate*, 150 Tex. 662, 664, 244 S.W.2d 660, 661 (1951).

■ Legal insufficiency points of error must be sustained when the record discloses one of the following: (1) a complete absence of evidence of a vital fact; (2) the court is barred by the rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla of evidence;

or (4) the evidence establishes conclusively the opposite of a vital fact. *Commonwealth Lloyd's Ins. Co. v. Thomas,* 678 S.W.2d 278, 288 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.).

█ Applying the above standards to the instant case, we conclude that there was sufficient evidence to support the $3,500 monthly child support awarded by the trial court. In fact, the $3,500 per month child support appears to be a conservative award, but for the fact that the trial court also required the appellant to pay all medical, dental, orthodontic, and hospital bills of the children, as well as to keep and maintain medical insurance coverage for the parties' children. In addition, the trial court required the appellant to purchase a decreasing term life insurance policy on his life for the purpose of assuring child support payments in the event of his death. The trial court also required that the appellant pay for all expenses incurred by each child for summer camp.

█ We find merit to the appellant's assertion that there is no evidence or insufficient evidence to increase the child support payments from $3,500 per month to $4,500 per month commencing September 1987, and from $4,500 per month to $5,500 per month in September 1988. We reach this conclusion because the appellee's testimony of $5,200 monthly expenses included expenses for the appellee as well as the two children. The appellee offered no evidence that would indicate a material or substantial change in expenses during the years of 1987 or 1988. Under such circumstances, we find no evidence or at the most a scintilla of evidence to substantiate the two annual increases of child support in the amount of $12,000 each year.

█ The appellant also complains that the court did not consider his net income, the overall division of property, or the new tax laws in reaching its decision on the amount of child support to be paid by him. We find no merit to these assertions for several reasons. First, there is sufficient evidence in the record from which the trial court could have reached a conclusion about the appellant's net income. Second, there is nothing in the record that would indicate that the court did not consider the overall property division when it fixed the amount of monthly child support payments. Third, there was no newly discovered evidence or new tax laws or information concerning insurance premiums that the appellant could not have placed into evidence during the course of the trial. In this connection, the appellant's certified public accountant testified during the trial, and his insurance agent testified at the hearing on the appellant's motion for new trial that the appellant had notification from the first day of trial that the appellee would be seeking an insurance policy because the appellee's proposed child support decree included an insurance policy to assure child support payments. Further, he could not have been surprised about the tax consequences of child support payments because he was aware from the time the divorce suit was filed that the appellee was seeking reasonable child support payments. We find nothing in the record that would have precluded the appellant from eliciting evidence concerning insurance policies from his insurance agent or tax information from his accountant during the trial.

█ Whether a motion for new trial on the ground of newly discovered evidence will be granted or refused is generally a matter left to the sound discretion of the trial court, and its decision will not be disturbed on appeal absent a manifest abuse of discretion. *Jackson v. Van Winkle,* 660 S.W.2d 807, 809 (Tex.1983).

█ It is incumbent upon a party who seeks a new trial on the ground of newly discovered evidence to satisfy the court that the evidence has come to his knowledge since the trial, and that it was not owing to want of diligence on his part that it did not come sooner. *Id.* The record does not indicate that the appellant met his burden of showing that he could not have produced this evidence at the time of trial.

The appellant also complains that the trial court erred in refusing to make additional findings of fact. We have reviewed the trial court's findings of fact and the appellant's request for additional findings. Because many of the appellant's requested additional findings of fact are in conflict with the court's findings, we find no abuse of discretion in the court refusing to overrule its own findings. Generally, the balance of the appellant's requested findings of fact seek to obtain more specific findings than the court had made in its initial findings. Although the trial court could have made more findings of fact, we can find nothing in Tex.R.Civ.P. 296 that requires a trial court to make findings of fact with such specificity as the appellant requested in the instant case.

We sustain the appellant's point of error two and hold that there was insufficient evidence to support the trial court's award of automatic increases in child support for the years of 1987 and 1988. We overrule the appellant's points of error one, and three through 10.

## DIVISION OF COMMUNITY PROPERTY

In points of error 11 through 19, the appellant complains that the trial court's division of the parties' property was inequitable, unjust, and excessive because of the monetary awards made to the appellee. He also complains that the trial court mischaracterized certain community property as his separate property, awarded cash amounts to the appellee from his professional accounts, which the court could not do as a matter of law, and that it failed to make additional findings of fact and conclusions of law, as requested by the appellant.

Initially, the appellant contends that the trial court erred in awarding the appellee $48,009.75 in cash from the corporate bank accounts of the appellant's professional association. Although the appellant has never contended that the assets of the professional association were anything other than community property, he contends that the Texas Supreme Court's ruling in *McKnight v. McKnight*, 543 S.W.2d 863 (Tex.1976), supports his position. In *McKnight*, the Court held that a divorcing spouse's interest can attach to a husband's interest in a partnership only, and not in any specific partnership property. The *McKnight* ruling is distinguishable because: (1) *McKnight* involved a partnership, with independent third party partners, and this award involves a corporation in which the appellant is the *only* shareholder; and (2) under Tex.Rev.Civ.Stat.Ann. art. 1528f, § 10 (Vernon 1980), shares of professional associations are transferable only to persons who are licensed to practice the same type of profession for which the professional association was formed. Because the appellee could not be awarded shares in a professional association in which she had a community interest, we hold that it was not improper for the trial court to award the appellee her community interest from the cash assets of the professional medical association in which her physician husband was the sole shareholder.

The appellant next contends that the trial court erred in awarding the appellee $150,000 for community enhancement to the appellant's separate property. He asserts that there was no evidence of any separate property, and none was claimed. The appellee has not controverted the appellant's assertion that there was no evidence of separate property.

Because neither party asserted that the appellant's medical practice in the P.A. and partnership entities was his separate property nor offered any evidence that it was the appellant's separate property, we conclude that the trial court mistakenly characterized the parties' interest in the P.A. and partnership entities as separate property. This conclusion is fortified by the trial court's conclusion of law number eight that indicates that the $150,000 note relates to the repayment of the community's interest in the P.A. and partnership entities.

There is evidence to support the amount of the $150,000 award. In the trial court's finding number 13, it found that the appellant's separate property had been increased by good will in the amount of $150,000. In its finding number 12, the trial court limited its finding of commercial good will to the partnerships only.

The Texas Supreme Court has held that the good will of a medical practice that may have accrued at the time of divorce was not property in the estate of the parties. *Nail v. Nail*, 486 S.W.2d 761, 764 (Tex.1972). The Court, however, qualified its ruling by stating:

> [i]t is to be understood that in resolving the question at hand we are not concerned with good will as an asset incident to the sale of a professional practice, or *that may exist in a professional partnership or corporation apart from the person of an individual member*, or that may be an element of damage by reason of tortious conduct.

*Id.* [emphasis added].

A two-pronged test has been developed to determine whether the good will attached to a professional practice is subject to a division upon divorce. *Finn v. Finn*, 658 S.W.2d 735, 740–41 (Tex.App.—Dallas 1983, writ ref'd n.r.e.). First, good will must be determined to exist independently of the personal ability of the professional spouse. Second, if such good will exists, then it must be determined whether that good will has a commercial value that the community is entitled to share.

 The appellee introduced evidence through an expert that the two medical partnerships had approximately $280,000 in good will. This good will derived from the contracts that the two partnerships had with four local hospitals, and the present monopoly these partnerships have in providing radiological services to the local community. There was evidence that the partnerships themselves had the contracts with the local hospitals, not the individual partners. This evidence is sufficient to support the trial court's finding that the two partnership entities did have good will of a commercial value in which the community estate of the parties to this litigation was entitled to share.

The appellant also argues that the $150,000 note constitutes alimony. We find no merit to this contention. This Court has previously held that:

> [t]he trial court may require one party to make monetary payments to the other party after divorce, and such payments are not construed to be in the nature of permanent alimony if they are referable to any property which either spouse may have owned or claimed.

*Garrett v. Garrett*, 534 S.W.2d 381, 382 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ).

In the instant case, the trial court found that the $150,000 note would insure an equitable and just division of the community property interest in the business entities.

The appellant's 12th point of error is overruled.

In his next two points of error, the appellant contends that the trial court erred in refusing to make additional findings of fact and conclusions of law regarding both separate property and the value of the community property estate.

The appellant timely filed a request for additional findings of fact and conclusions of law, all of which were refused by the trial court. The requested additional findings, as heretofore noted, were largely evidentiary or were contrary to the trial court's original findings.

 The trial court is not required to make findings on incidental, inconsequential, or evidentiary matters because they are immaterial or without probative value. *Spence v. Fenchler*, 107 Tex. 443, 180 S.W. 597 (1915); *Huber v. Buder*, 434 S.W.2d 177, 181 (Tex.Civ.App.—Fort Worth 1968, writ ref'd n.r.e.). Furthermore, a trial court need not make additional findings that are covered by and directly con-

trary to the original findings filed by the trial court. *Shelby Int'l, Inc. v. Wiener,* 563 S.W.2d 324, 328 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ); *Great American Reserve Ins. Co. v. Sumner,* 464 S.W. 2d 212, 216 (Tex.Civ.App.—Tyler 1971, writ ref'd n.r.e.).

We have heretofore found that the trial court erred in classifying the appellant's medical practice as his separate property. However, no harm has been shown by this error, and, because we have found that the trial court's findings were sufficient to support its judgment, we hold that the trial court did not abuse its discretion by refusing to rule on the additional findings requested by the appellant.

The appellant's 13th and 14th points of error are overruled.

In his 15th and 16th points of error, the appellant asserts that the trial court erred in failing to give him credit for payment made to the appellee's attorney by the community estate and that the trial court abused its discretion by ordering an inequitable and manifestly unjust property division. He asserts that the trial court's division of the property awarded 91% of the community assets to the appellee and 9% of the assets to him.

Tex.Fam.Code Ann. § 3.63 (Vernon 1975) provides that: "the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage."

Initially, we note that the appellant in his computation of the community assets placed no value on the good will in the medical entities. Because we have held that the trial court properly found that the good will of the entities should be considered as an asset of the community, the appellant erred in not considering the value of the good will, viz., $280,000, in his computations. We also note that the appellant erred in his computations because of an incorrect figure in the equity in the Washington County Ranch.

Based upon the trial court's findings and the evidence, we compute the value of the parties' community assets to be slightly in excess of $780,000. Excluding the $150,000 note payable to the appellee by the appellant, the appellant was awarded approximately $490,000 of the community assets and the appellee was awarded approximately $290,000 of the assets. When the $150,000 note is added to that which the appellee was to receive, she was awarded approximately $440,000 of the assets. Likewise, when the $150,000 note payable to the appellee is deducted from the assets awarded to the appellant, his net award is approximately $340,000. Based on these figures, the appellee was awarded approximately 56% of the assets and the appellant approximately 44% of the assets.

■ The trial court found, and the evidence supported that: (1) the appellant was at fault for the breakup of the marriage; (2) the appellant had the superior earning capacity; (3) the appellant had the superior education; (4) the appellant had the superior business and employment opportunities; (5) the appellee would have received many and varied benefits if the marriage had continued; and (6) the two children from the marriage would remain with the appellee. Based on these findings, the trial court concluded, as a matter of law, that an unequal division of the community estate was appropriate, just, and right.

A trial court has wide discretion in determining the division of property in divorce actions, *McKnight v. McKnight,* 543 S.W. 2d at 863, and a court of appeals is required to indulge every reasonable presumption in favor of the trial court's proper exercise of discretion. *Murff v. Murff,* 615 S.W.2d 696 (Tex.1981).

■ The facts and peculiar circumstances of each marriage dictate what factors should be considered in the property division upon a divorce. *Young v. Young,* 609 S.W.2d 758 (Tex.1980). Particular factors that might be considered include: (1) the future need for support,

*Carle v. Carle,* 149 Tex. 469, 234 S.W.2d 1002 (1950); (2) the fault in the breakup in the marriage, *Mootz v. Mootz,* 615 S.W.2d 247 (Tex.Civ.App.—Dallas 1981, writ dism'd); (3) any disparity of incomes or of earning capacities, *Murff v. Murff,* 615 S.W.2d at 696; (4) the spouses' capacities and abilities, *Id.;* (5) any benefits that the innocent spouse would have derived from the continuation of the marriage, *Hedtke v. Hedtke,* 112 Tex. 404, 248 S.W. 21 (1923); (6) each spouse's business opportunities, *Murff v. Murff,* 615 S.W.2d at 696; (7) each spouse's education and training, *Id.;* and (8) who obtains custody of the children, *Boriack v. Boriack,* 541 S.W.2d 237 (Tex. Civ.App.—Corpus Christi 1976, writ dism'd).

Based on the evidence and the trial court's findings of fact and conclusions of law, we conclude that there was no abuse of discretion in the trial court's award of 56% of the community assets to the appellee and 44% of the community assets to the appellant.

■ The appellant also complains of the trial court's award of attorney's fees to the appellee in the amount of $30,000. He contends that because $14,000 was already paid to the attorney out of the community estate, he should be given credit for this amount in the calculation of the $30,000.

There is evidence in the record that a reasonable attorney's fee in a divorce action such as this would be approximately $30,000. This uncontroverted testimony also indicated that expert fees and costs would be included in this figure.

■ The award of attorney's fees in a divorce action is treated as part of the fair and just division of the marital estate. *Carle v. Carle,* 149 Tex. at 474, 234 S.W.2d at 1005. It is incumbent upon the party seeking recovery of an attorney's fee to prove that it is necessary to employ the attorney and that the fee is reasonable. *Cluck v. Cluck,* 647 S.W.2d 338, 340 (Tex. App.—San Antonio 1982, writ dism'd). However, to overturn the trial court's judg-

ment in awarding attorney's fees in a divorce case, it must appear that there is a clear abuse of discretion. *Id.*

It is uncontroverted that the appellee's attorney's fee of $30,000 was reasonable. Although it is not clear from the record in this case that the trial court took into consideration the prior payment of $14,000 in attorney's fees when it made a division of the property, it is also not clear from the court's findings of fact and conclusions of law or in the trial court's judgment that it did not take the payment into consideration in making its division. The court's conclusion that its partition of property "was a just and right division" makes it clear that the court was considering all of the evidence before it. We conclude that the trial court did not abuse its discretion in making an award of $30,000 attorney's fees to the appellee. *See Murff v. Murff,* 615 S.W.2d at 696.

The appellant's 15th and 16th points of error are overruled.

## POST–JUDGMENT ORDERS

In his final five points of error, the appellant complains of the trial court's post-judgment orders.

After the trial court entered its final decree and the appellant perfected appeal of this case, the trial court issued temporary orders pending the appeal. Those orders provided that the appellant pay the appellee $1,000 per month for temporary support, $6,000 in attorney's fees for work expended since the December 2, 1986 decree, $6,000 for the appeal of the case, $1,500 if the appellant applied for writ of error to the Texas Supreme Court, and $1,500 if the Supreme Court granted the application.

In two points of error, the appellant complains about the award of post-divorce temporary support, which, he urges, divests him of his separate property, and constitutes unauthorized temporary support under section 3.58(h) of the Texas Family Code.

Tex.Fam.Code Ann. sec. 3.58(h) (Vernon 1986) provides that within 30 days after the date an appeal is perfected, the trial court may make any order it deems necessary and equitable for the preservation of the property and for the protection of the parties during the pendency of the appeal. Such an order may: (1) require the support of either of the spouses; (2) require the payment of reasonable attorney's fees and expenses; (3) appoint a receiver for the preservation and protection of the property of the parties; or (4) award one spouse exclusive occupancy of the parties' residence during or pending the appeal.

 Because of this appeal, the appellee's right to receive many of the liquid assets due her pursuant to the judgment have been delayed. This includes the $30,000 attorney's fees, the monetary award from the corporate account, and payments from the $150,000 note. Under such circumstances, the court was within its authority under § 3.58(h)(1) in ordering the $1,000 spousal support during the pendency of the appeal, and under § 3.58(h)(2) in authorizing the payment of reasonable attorney's fees for contesting the appeal, as well as payment of fees necessitated by the obtaining of temporary orders during the pendency of the appeal. The appellant also asserts that because he has not appealed the granting of the divorce but only other portions of the final decree, he should not have to pay alimony because there is no longer a marriage. We find no merit to this assertion because a divorce is not final until the completion of any appeal, and until then, the appellant is under the legal duty to provide support. Tex.Fam.Code Ann. § 4.02 (Vernon Supp.1988).

The appellant's points of error 20 and 21 are overruled.

The part of the judgment of the trial court ordering an increase in monthly child support payments from $3,500 to $4,500 in September 1987, and from $4,500 to $5,500 in September 1988, is reversed and set aside. We also reverse that portion of the judgment that reduces the amount of child support from $5,500 to $2,750 upon the occurrence of certain events, and remand that portion of the court's judgment to the trial court for reconsideration in view of this Court's holdings. In all other respects, the judgment of the trial court is affirmed.